*Receipt #150010737* 

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MARK W. DOBRONSKI,**

        Plaintiff,

Case: 2:24-cv-11482
Assigned To : Parker, Linda V.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 6/6/2024
Description: CMP DOBRONSKI V
YOUNGHORSE (MRS)

v.

**GEORGE MAGANA YOUNGHORSE,**
an individual,
d/b/a **SIGNZDIRECT,**

        Defendant.

---

## COMPLAINT

NOW COMES the Plaintiff, MARK W. DOBRONSKI, appearing *in propria persona*, and for his complaint against Defendant alleges:

1. This matter arises under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Michigan Facsimile Machines Act ("MFMA"), M.C.L. § 445.1771, *et seq.*

### Parties

2. Plaintiff, MARK W. DOBRONSKI, is a citizen of the United States of America, is of the age of majority, is domiciled in and has a place of business in Orange County, Florida, has a residence and place of business in Lima Township, Washtenaw County, Michigan, and has a place of business in Westland, Wayne

County, Michigan.

3. Upon information and belief, Defendant GEORGE MAGANA YOUNGHORSE ("Younghorse"), is an individual, is of the age of majority, is mentally competent, is not in the military service, resides at 42050 Taylor Street, Murrieta, Riverside County, California 92562-6317, and does business under the fictitious business name SIGNZDIRECT.

## Jurisdiction

4. As to Defendant Younghorse, limited personal jurisdiction exists, pursuant to M.C.L. § 600.705, by virtue of defendant transacting any business in Michigan; and/or by defendant doing or causing tortious acts to be done with consequences to occur in Michigan.

## Venue

5. Venue is proper in this Court, pursuant to 28 U.S.C. 1391(b)(2), as the unsolicited facsimile advertisements were received in this district.

## The Telemarketing Laws

6. The TCPA restricts the use of the facsimile machine to deliver unsolicited advertisements. Specifically, the TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless the "sender" has an "established business

relationship with the recipient" and meets several other requirements. 47 U.S.C. § 227(b)(1)(C).

7. The FCC regulation defines "sender" with respect to the TCPA's prohibition of unsolicited fax advertisements as being "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(10).

8. Additionally, pursuant to authority delegated by the United States Congress to the Federal Communications Commission ("FCC") at 47 U.S.C. § 227(b)(2)(D), the FCC has implemented regulations requiring that an "opt out" notice appear on the advertisement that informs the recipient of the ability and means to avoid future unsolicited advertisements which must be clear and conspicuous on the first page of the advertisement.  47 C.F.R. § 64.1200(a)(4)(iii).

9. The TCPA, at 47 U.S.C. § 227(b)(3), provides for a private right of action, as follows:

> "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a **violation of this subsection** or **the regulations prescribed under this subsection** to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages **for each such**

3

> **violation,** whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." (Emphasis added.)

10. Likewise, the MFMA proscribes that "[a] person shall not send an advertisement to another person by means of a facsimile machine without first obtaining, by means other than by a facsimile machine, the consent of the person who will receive the advertisement." M.C.L. § 445.1772(1).

11. Similarly, the MFMA, at M.C.L. § 445.1776, provides for a private right of action, as follows:

> "A person who receives an advertisement in violation of this act may file a civil suit in the court of proper jurisdiction to recover actual damages or $500.00, whichever is greater, plus reasonable attorney fees...."

### General Allegations

12. Congress viewed as unsolicited facsimile advertisements as problematic because a faxed advertisement shifts some of the costs of advertising from the sender to the recipient and occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax. 1 3 .

4

Unsolicited faxes cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## Allegations Specific to this Complaint

14. On the following dates and times, Plaintiff received unsolicited advertisements from Defendant on Plaintiff's facsimile machine, telephone number 734-***-2323:

| Fax | Date | Time | Sending Tel. No. |
| --- | --- | --- | --- |
| 1 | 01/09/2023 | 06:22 | (951) 338-9881 |
| 2 | 02/09/2023 | 14:15 | (951) 338-9881 |
| 3 | 03/07/2023 | 05:12 | (951) 338-9881 |
| 4 | 04/04/2023 | 11:06 | (951) 338-9881 |
| 5 | 04/28/2023 | 06:39 | (951) 338-9881 |
| 6 | 05/22/2023 | 06:42 | (951) 338-9881 |
| 7 | 06/14/2023 | 14:02 | (951) 338-9881 |
| 8 | 07/12/2023 | 05:56 | (951) 338-9881 |
| 9 | 07/28/2023 | 10:55 | (951) 338-9881 |
| 10 | 08/17/2023 | 10:09 | (951) 338-9881 |
| 11 | 09/10/2023 | 11:45 | (951) 338-9881 |
| 12 | 10/06/2023 | 05:06 | (951) 338-9881 |
| 13 | 10/31/2023 | 09:39 | (951) 338-9881 |
| 14 | 12/18/2023 | 10:21 | (951) 338-9881 |
| 15 | 01/14/2024 | 12:06 | (951) 338-9881 |
| 16 | 02/07/2024 | 10:05 | (951) 338-9881 |
| 17 | 03/01/2024 | 11:09 | (951) 338-9881 |
| 18 | 04/21/2024 | 16:10 | (951) 338-9881 |
| 19 | 05/16/2024 | 06:11 | (951) 338-9881 |

15. Plaintiff has received additional unsolicited advertisements from Defendant prior to those alleged, *supra*, but did not log them. Accordingly, it is anticipated that discovery will reveal the transmission of additional unsolicited advertisements by the

same Defendant.

16. Each of the unsolicited advertisements from Defendant were substantially identical. A copy of one such unsolicited advertisement received by Plaintiff is attached hereto at EXHIBIT A.

17. None of the unsolicited advertisements contained an "opt out" notice as required by 47 C.F.R. § 64.1200(a)(4)(iii).

18. Plaintiff has had no established business relationship with the Defendant at any time.

19. On information and belief, the unsolicited advertisements were sent as part of a mass broadcasting of faxes. They were generic in nature and not specifically addressed to any person.

20. Defendant Younghorse is responsible for sending or causing the sending of the unsolicited advertisements.

21. Neither Plaintiff, nor any other authorized person, has provided express invitation or permission to Defendant, in writing or otherwise, to send advertisements to Plaintiff's facsimile machine telephone number 734-***-2323.

22. Plaintiff had previously notified Defendant in writing that Defendant did not have Plaintiff's consent to send advertisements to Plaintiff's facsimile machine telephone number 734-***-2323.

23. Plaintiff suffered damages as a result of the receipt of the unsolicited advertisements, in the form of paper and ink or toner consumed as a result.

24. During the time that Defendants were transmitting the unsolicited faxes, Plaintiff's fax machine was occupied and unavailable to receive essential business communications, including emergency communications.

25. Plaintiff was further damaged because Plaintiff had to expend his valuable time reviewing the received unsolicited advertisements to determine whether they were urgent communications or not and then had to dispose of them.

26. Plaintiff's statutory right of privacy was invaded.

27. There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving the illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

28. Pursuant to 47 U.S.C. § 217, the act, omission, or failure of any officer, agent, or other person acting for or employed by a common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or used as well as that of the person.

29. When considering individual corporate officer liability, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, No. 10-

10010, 2013 WL 5966340, *4 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participating in or personally authorized the conduct found to have violated the statute.") (internal citation omitted); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D.MD. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

30. It is well settled under Michigan law that corporate employees and officials are personally liable for all tortious and criminal acts in which they participate, regardless of whether they are acting on their own behalf or on behalf of a corporation. A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent for the corporation and not on his own behalf.

31. Here, the individual Defendant, Younghorse, is the sole proprietor, and personally directed, participated in, and authorized the unsolicited advertisements.

32. For purposes of the TCPA, the FCC has defined "willfully or knowingly" to mean that the violator knew that he was doing the act in question, in this case, sending an unsolicited facsimile advertisement, irrespective of any intent to violate the law. A violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance.

33. The individual Defendant, Younghorse, knew that his conduct was in violation of the TCPA, yet he took no action to curtail the sending of the unauthorized facsimile advertisements.

34. The fact that the Defendants' willfully or knowingly engaged in the proscribed conduct is further evidenced by the repetitious nature of the conduct.

**Count I**
**TCPA - Unauthorized Advertisement**

35. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, *supra*.

36. Each of the unsolicited advertisements received by Plaintiff from Defendants were in violation of 47 U.S.C. § 227(b)(1)(C) and/or 47 U.S.C. § 64.1200(a)(4)(i), as Defendants used a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to Plaintiff's facsimile machine when there was no established business relationship.

37. The aforesaid violations of the TCPA were wilful and/or knowing.

**Count II**
**TCPA - No Opt-Out Notice**

38. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, *supra*.

39. Each of the unsolicited advertisements received by Plaintiff from Defendant

were in violation of 47 U.S.C. § 64.1200(a)(4)(iii), as the advertisements did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

40. The aforesaid violations of the TCPA were wilful and/or knowing.

## Count III
## MFMA

41. Plaintiff incorporates the allegations set forth in paragraphs 1 through 34, *supra*.

42. Each of the advertisements received by Plaintiff from Defendant were in violation of M.C.L. § 445.1772(1), as Defendant sent an advertisement to Plaintiff by means of a facsimile machine without first obtaining, by means other than by a facsimile machine, the consent of the Plaintiff to receive the advertisement, and after Plaintiff had sent a written notice to Defendant person who will receive the advertisement, and after Plaintiff had notified Defendant in writing that Defendant did not have Plaintiff's consent to send an advertisement.

## Prayer for Relief

WHEREFORE, the aforesaid premises considered, Plaintiff prays that this Court enter a judgment for Plaintiff and against the Defendant, as follows:

A. As to Count I: Damages in the amount of $500.00 for each of the 19 unsolicited advertisements received, for damages of $9,500.00, which

        amount shall be trebled because the violations were wilful or knowing; for total damages of $19,000.00.

B.    As to Count II: Damages in the amount of $500.00 for each of the 19 unsolicited advertisements received, for damages of $9,500.00, which amount shall be trebled because the violations were wilful or knowing; for total damages of $19,000.00.

C.    As to Count III: Damages in the amount of $500.00 for each of the 19 advertisements received, for damages of $9,500.00.

The cumulative total amount of damages claimed in this action is $47,500.00, and in the event of default judgment is the sum certain amount that will be sought.

    C. Interest accruing from the date of filing until paid at the statutory rate; and,

    D. Such other and further relief as the Court deems necessary, reasonable, prudent and proper under the circumstances.

                                                   Respectfully submitted,

Date:  May 27, 2024

                                            Mark W. Dobronski
                                            Post Office Box 99
                                            Dexter, Michigan 48130-0099
                                            Telephone: (734) 641-2300
                                            Email: MarkDobronski@yahoo.com
                                            Plaintiff *In Propria Persona*

**EXHIBIT A**

Jan 14, 2024 09:06 (UTC-08)   From: +19513389881 (Signzdirect)   To: +17346412323   1 of 1

# Custom Printed
## 10X10 Pop Up Tent
### Complete with back wall



Perfect for **Promotional Trade Shows Public Events**

**$1,089** reg. 1488



Over 500 Police Departments have purchased this tent.

# BIG BACK DROP
Frame & Custom Printed
## 8x10 Fabric Banner
**$449** reg $499

# CUSTOM PRINTED
## 3 SIDED TABLE COVERS





6' 3 sided **$199** reg $239
8' 3 sided **$219** reg $239

USE DISCOUNT CODE: **P24**

# Call Today (714) 264-5935
or visit www.SIGNZDIRECT.NET



To be removed from our fax list please call **Toll Free 844-926-7246**

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Washtenaw, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK W. DOBRONSKI

## DEFENDANTS
GEORGE MAGANA YOUNGHORSE d/b/a SIGNZDIRECT

**(b)** County of Residence of First Listed Plaintiff: Orange, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Riverside, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [X] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227

Brief description of cause:
Unsolicited advertisements via facsimile

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 47,500.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

Case: 2:24-cv-11482
Assigned To : Parker, Linda V.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 6/6/2024
Description: CMP DOBRONSKI V YOUNGHORSE (MRS)

NUMBER _____

DATE
May 27, 2024

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes : _____

**MARK W. DOBRONSKI**
POST OFFICE BOX 99
DEXTER, MICHIGAN 48130-0099
(734) 641-2300
markdobronski@yahoo.com

May 27, 2024

United States District Court
Attn: Clerk's Office
231 West Lafayette Boulevard, 5th Floor
Detroit, Michigan 48226-2700

  Re: NEW FILING
     Mark W. Dobronski v. George Magana Younghorse

Dear Sir or Madam:

  Enclosed please find:

- Check number 6060, in the amount of $405.00, representing the filing fee required for the above-case;

- Civil Cover Sheet

- Complaint; and,

- Summons

  Please file the Complaint in your usual course and return the signed and sealed Summons to the attention of the undersigned.

  Thank you for your attention to this matter.

            Very truly yours,

            Mark W. Dobronski

MWD/hp



**FROM:**

MARK W DOBRONSKI
PO BOX 99
DEXTER, MI 48130-0099

**U.S. MARSHALS**

**TO:**

UNITED STATES DISTRICT COURT
ATTN: CLERK'S OFFICE
231 W LAFAYETTE BLVD FL 5
DETROIT, MI 48226-2700