UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

      Plaintiff,

v.

GEORGE MAGANA YOUNGHORSE
D/B/A SIGNZDIRECT,

      Defendant.
_____/

Case No. 24-cv-11482
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 14)

On June 6, 2024, Mark Dobronski filed a three-count Complaint against George Magana Younghorse, doing business as Signzdirect, alleging that he violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*., and the Michigan Facsimile Machines Act ("MFMA"), Mich. Comp. Laws § 445.1771 *et seq*., by sending numerous, unsolicited advertisements to his facsimile machine. (ECF No. 1.) Defendant has not entered an appearance in this matter or responded to the Complaint that Plaintiff served on him on September 24, 2024.[1] (*See* ECF No. 10.) As a result, Plaintiff obtained a Clerk's Entry of

---

[1] On September 18, 2024, the Court granted Plaintiff's motion for alternate service and issuance of a second summons after Plaintiff twice failed to effect service according to Federal Rule of Civil Procedure 4 and Michigan law. (*See* ECF No. 7.) The Clerk of the Court issued a new summons the following day.

Default on October 25, 2024. (ECF No. 12.) Presently before the Court is Plaintiff's motion for default judgment against Defendant in the amount of $47,500.00. (ECF No. 14.) To date, Defendant has not filed a response to Plaintiff's motion or otherwise appeared in these proceedings.

The TCPA and its governing regulation prohibit a person from using "any telephone facsimile . . . device to send, to a telephone facsimile machine, an unsolicited advertisement" unless a business relationship exists or the recipient has voluntarily agreed to make his facsimile number available to the sender. *See* 47 U.S.C. § 227(b)(1)(C)(i), (ii). Advertisements must contain a notice for the recipient to opt-out of future facsimile communications, *see id.* § 227(b)(1)(C)(iii), and the notice must comply with the requirements outlined in the TCPA, *id.* § 227(b)(2)(D). The TCPA permits an individual to recover $500.00 in damages "for each . . . violation," which the Court may treble if it finds that the defendant willfully or knowingly violated the law. *See id.* § 227(c)(5)(B).

Plaintiff contends that he is entitled to $38,000.00 in damages under the TCPA. (ECF No. 14 at PageID.57.) The Court, however, finds that he is entitled to $57,000.00. First, Plaintiff claims that he does not have an established business relationship with Defendant and did not consent to receiving the nineteen advertisements Defendant sent via facsimile machine. (*Id*. at PageID.57.) He also maintains that Defendant acted willfully and knowingly by voluntarily sending the

2

advertisements despite Plaintiff's written notice demanding that Defendant cease sending the advertisements. (*Id.*) He is therefore entitled to $9,500.00 in damages plus the treble amount, totaling $28,500.00. Second, Plaintiff claims that each advertisement did not contain an opt-out notice,[2] which he again asserts was willful. (*Id.*) Plaintiff is therefore entitled to another $9,500.00 in damages plus the treble amount, totaling $28,500.00. The total damages amount under the TCPA is $57,000.00.

After careful review of Plaintiff's claims and the relevant factors in determining a motion for default judgment, the Court finds that Plaintiff has established that he is entitled to relief as to his TCPA claims.[3]

Similar to the TCPA, Michigan prohibits the use of facsimile machines to send advertisements without consent under the MFMA. Mich. Comp. Laws

---

[2] The Court clarifies one point concerning Plaintiff's assertion that the advertisements did not contain opt-out notices: the example advertisement Plaintiff provided the Court (ECF No. 1 at PageID.12) contains a version of an opt-out notice, but it does not meet all the requirements of the TCPA, which constitutes a violation. *See* § 227(b)(1)(C)(iii), (2)(D).

[3] The Court notes that two violations are permitted for each advertisement Defendant sent. In *Charvat v. NMP, LLC*, 656 F.3d 440, 448-49 (6th Cir. 2011), the Sixth Circuit distinguished between instances where a plaintiff may only collect damages on a per-call basis and where a plaintiff may recover damages on a per-violation basis. Following the Sixth Circuit's reasoning in *Charvat*, the Court finds that the violations at issue here, which are contained in different subsections of the TCPA, aim to target two different harms that should be treated independently. *See id*.

§ 445.1772(1).  The recipient of an advertisement in violation of the MFMA may "recover actual damages or $500.00, whichever is greater, . . . *if* . . . [t]he person notified the sender in writing that the sender did not have the person's consent to send an advertisement."  *Id.* § 445.1776(c) (emphasis added).

Plaintiff claims that he is entitled to $9,500.00 under the MFMA because Defendant sent the nineteen facsimile advertisements without consent and despite his written letter to Defendant informing him that he did not consent.  (ECF No. 14 at PageID.57.)  The Court, however, is unable to determine Plaintiff's damages under the MFMA at this time because the record does not reflect when Plaintiff sent this letter to Defendant.  Because the MFMA requires notification to the sender to be actionable, the Court does not have a basis to grant Plaintiff relief as to his MFMA claim.

Nevertheless, the Court concludes that Plaintiff is entitled to a default judgment.  Therefore, the Court **GRANTS** his motion.  Before the Court is able to enter a Judgment, Plaintiff must produce, within seven (7) days, evidence establishing when he sent the written letter to Defendant indicating that he did not consent to the advertisement(s).

SO ORDERED.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2025

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager